IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03-10171-01-WEB |
| ) | |
| MICHAEL F. LOY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### **Order**

The court has received a motion from defendant Michael Loy asking the court to correct what he contends are factual inaccuracies in the Presentence Report. Doc. 117. Defendant alleges that although these inaccuracies were not relevant at sentencing -- and hence he did not object at that time -- they have now adversely affected his classification within the Bureau of Prisons because the BOP has used the inaccurate information to deny him a transfer to a minimum security facility.

The court concludes that it lacks jurisdiction to consider the matter. Once the district court has heard objections to the presentence report and sentence has been imposed, the court's jurisdiction over the defendant becomes very limited. *United States v. Warner*, 23 F.3d 287, 290 (10th Cir. 1994). Postsentence challenges to a PSI report which are submitted to the district court must be based on statutes or rules which give the district court jurisdiction to consider the challenge. *Id*. In this instance, however, there is no statute or rule giving the court jurisdiction to review defendant's claim. *See id*. (Rule 32(c) standing alone, cannot provide a district court with jurisdiction to hear challenges to a presentence report once sentence has been imposed).

Moreover, defendant's direct appeal of his conviction and sentence are currently pending before the Tenth Circuit Court of Appeals. Subject to only a few limited exceptions not applicable here, the filing of a notice of appeal divests a district court of further jurisdiction. *See United States v. Meyers*, 95 F.3d 1475, 1489 n. 6 (10th Cir.1996). *See also United States v. Scott*, 124 F.3d 1328, 1330 (10th Cir.1997) (" '[a]bsent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending.' ").

Accordingly, defendant's Motion to Correct Presentence Report (Doc. 117) is hereby DISMISSED for lack of jurisdiction. IT IS SO ORDERED this  28th  Day of December, 2005, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge